MOORE, J.,
dissents.
I dissent. The majority conveniently skates over the fact that Ms. Goers judicially confessed by expressly consenting to the grant of the peremptory exception and acquiescing in the decree dismissing Ms. Mayfield both as a plaintiff and a defendant. La. C.C. art. 1853. I would affirm the district court on-this basis. Trahan v. Coca Cola Bottling Co. United Ltd., 2004-0100 (La.3/25/05), 894 So.2d 1096.
On the merits, I would affirm for the reason expressed in the original opinion: under La C.C. art.1903, the obligation is extinguished. The effect of the majority’s ruling, in these unique circumstances, is to confer on' Ms. Goers a cause of action against Ms. Mayfield for the negligence of allowing her dogs to bite their mother, Evelyn. While the moral pull of this outcome is surely appealing, the fact is that Ms. Goers did not allege any such cause of action. She claimed only her share of an obligation which was extinguished- by operation of law,.
Finally, I do not accept the majority’s view that it is “disingenuous” (a modern synonym for “dishonest”) to maintain Ms. Goers’s action against the insurer, State Farm, but not against the insured, Ms. Mayfield. Such an action" is precisely the function of Louisiana’s Direct Action Statute, La. R.S. 22:1269 B(l), as applied to this situation in Soileau v. Smith True Value & Rental, 2012-1711 (La.6/28/13), 144 So.3d 771. In fact, the instant case illustrates the purpose of liability insurance.
The judgment of the district court is entirely correct, and I would affirm it.
LOLLEY, J., dissents for reasons assigned by J. MOORE.